UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DARRYL HILL,

                Petitioner,

  v.

WARDEN JOHNSTON,

                Respondent.

Civil Action No. 10-1516 (HHK)

**MEMORANDUM OPINION**

This matter is before the Court on consideration of Darryl Hill's petition for a writ of habeas corpus and the government's response to the Court's order to show cause. For the reasons discussed below, the petition will be denied.

I. BACKGROUND

On December 2, 2008, while serving a term of supervised release, petitioner was arrested in the District of Columbia and was charged with assault and attempted second degree cruelty to children.[1] United States Parole Commission's Opposition to Petitioner's Petition for a Writ of Habeas Corpus ("Resp't Opp'n"), Ex. B (Warrant Application (Charge No. 4)) at 2 (page

---

[1] Petitioner allegedly "engaged in a verbal altercation with a minor victim" on December 2, 2008, and during the course of the altercation petitioner "punched the victim in the arm and chest with a closed fist." Resp't Opp'n, Ex. B (Warrant Application) at 2. The hearing examiner did not find probable cause on the other three charges set forth in the Warrant Application. *Id.*, Ex. C (D.C. Probable Cause Hearing Digest dated March 6, 2009) at 2-3. Although the criminal charges were dismissed for want of prosecution on March 2, 2009, the hearing examiner found that "the evidence supporting the charge [was] sufficiently specific and credible for the existence of probable cause." *Id.* at 4.

1

numbers designated by the Court). It appeared that petitioner thus had violated one or more conditions of his release, and the United States Parole Commission ("USPC") issued a violator warrant on February 21, 2009, *id.* (Warrant), which was executed on March 4, 2009, *id.* (United States Marshal's Return to the United States Parole Commission). After a hearing, a USPC hearing examiner found probable cause to believe that petitioner had committed a violation of the terms of his supervision. *Id.*, Ex. C (D.C. Probable Cause Hearing Digest dated March 6, 2009) at 2. Petitioner was released from custody and his supervised release status was reinstated; he was to appear at a revocation hearing on April 29, 2009. *Id.*, Ex. C at 7; *see id.*, Ex. D (Notice of Action dated March 31, 2009).

The USPC issued a second warrant upon notice of petitioner's arrest on July 4, 2009 for assault . Petitioner allegedly "grabbed the victim by the throat[,] choking her and lifting her from the ground." Resp't Opp'n, Ex. F (Warrant Application dated July 21, 2009) at 1. The warrant was executed on July 24, 2009, *id.*, Ex. F (Warrant for Return of Prisoner Released to Supervision), and after a hearing, a hearing examiner found that "the evidence supporting the charge [was] sufficiently specific and credible for the existence of probable cause." *Id.*, Ex. G (D.C. Probable Cause Hearing Digest dated August 4, 2009) at 2. A local revocation hearing had been scheduled for September 23, 2009, *id.*, Ex. G at 5, and petitioner requested legal representation, *id.*, Ex. G (Statement of Parolee or Mandatory Releasee Concerning Request for Counsel). The hearing was continued twice, *id.*, Ex. H-I (Orders dated September 23, 2009 and October 28, 2009, respectively), and the USPC continued the matter indefinitely until such time as petitioner either retained counsel to represent him at the revocation hearing or waived counsel. *Id.*, Ex. K (Notice of Action dated February 25, 2010).

On November 2, 2009, petitioner's community supervision officer ("CSO") prepared an Addendum to the prior Alleged Violation(s) Report which in relevant part stated:

> **Allegation #1: Failed to Obey All Laws**
>
> On July 4, 2009 at approximately 11:35 pm, [petitioner] was arrested by DC Metropolitan Police Officers and charged with Simple Assault under DC Superior Court case number 2009-CMD-14659. On October 21, 2009, [petitioner] was indicted by grand jury for the felony charges of Assault with Intent to Kill, Aggravated Assault, Assault with a Dangerous Weapon (4 counts), and Threats to Injure a Person – Felony. These charges are currently pending under the same case number with a status hearing scheduled for November 23, 2009 and trial scheduled for January 11, 2010.

Resp't Opp'n, Ex. J (Alleged Violation(s) Report Addendum dated November 2, 2009) at 2. Petitioner pled guilty to simple assault and threats to do bodily harm (a misdemeanor), and the Superior Court of the District of Columbia imposed an aggregate sentence of 210 days' imprisonment. Pet. at 1; Resp't Opp'n, Ex. L (Judgment in a Criminal Case, *United States v. Hill*, No. 2009-CMD-14659 (D.C. Super. Ct. Mar. 17, 2010)).

The USPC prepared, and petitioner accepted, a proposal for expedited revocation of supervised release. Resp't Opp'n, Ex. M (Expedited Revocation Proposal dated September 17, 2010) at 5-6 (page numbers designated by the Court). Pursuant to the proposal, petitioner waived his right to a revocation hearing, accepted responsibility for his conduct, and consented to revocation on the record. *Id.* Petitioner's release has been revoked, and he is to serve a new 42-month term of supervised release following his release from custody. *Id.*, Ex. N (Notice of Action dated September 27, 2010).

## II. DISCUSSION

"As of July 18, 2010, petitioner [had] been waiting 120 days to see a member of the

3

[USPC] to have a revocation hearing on the aforementioned charges. Thus, the [USPC] has violated petitioner's constitutional right to due process." Pet. at 2.[2] In his petition for a writ of habeas corpus, filed on September 9, 2010, he demanded "an Order for his immediate release." *Id.*

Because petitioner faced revocation of supervised release, he was entitled to basic due process protections prior to revocation, typically "an informal hearing structured to assure that the finding of a [supervised release] violation will be based on verified facts and that the exercise of discretion will be informed by an accurate knowledge of the [releasee's] behavior." *Morrissey v. Brewer*, 408 U.S. 471, 484 (1972). A delay in a revocation hearing is not itself a valid ground for immediate release. Rather, petitioner's remedy for such an alleged due process violation is an action to compel a hearing. *See Jones v. U.S. Bureau of Prisons*, 903 F. 2d 1178, 1185 (8th Cir. 1990); *Sutherland v. McCall*, 709 F.2d 730, 732 (D.C. Cir. 1983) (finding that the appropriate remedy for a delayed revocation hearing "is a writ of *mandamus* to compel the [USPC's] compliance . . . not a writ of habeas corpus to compel release . . . or to extinguish the remainder of the sentence" (emphasis in original)). And absent a showing that the delay both was unreasonable and actually prejudiced petitioner, *see Sutherland*, 709 F. 2d at 732, his challenge to the timeliness of his revocation hearing is meritless. *See, e.g., Colts v. U.S. Parole Comm'n*, 531 F. Supp. 2d 8, 12 (D.D.C. 2008) (finding that a petitioner who presented "no argument, compelling or otherwise, establishing that the delay [by the USPC in conducting

---

[2] Generally, "[a] local revocation hearing shall be held not later than 65 days from the retaking of the releasee on a supervised release violation warrant." 28 C.F.R. § 2.215(f). If a releasee either requests or consents to a postponement, this time limit "shall be correspondingly extended." *Id.*

4

probable cause and revocation hearings] either was unreasonable or has prejudiced him in any way" was not entitled to habeas relief); *Robinson v. U.S. Parole Comm'n*, No. 05-2487, 2006 WL 2244629, at *2 (D.D.C. Aug. 3, 2006) (concluding that the petitioner "has not shown any prejudice arising from the five-month delay between his arrest and the revocation hearing, and the delay was not unreasonable").

More importantly, petitioner waived his right to a revocation hearing by accepting the expedited revocation proposal, rendering this action subject to dismissal as moot. *Ogburn v. U.S. Parole Comm'n*, No. 06CV00192, 2006 WL 1933363, at *2 (W.D. Va. July 13, 2006) (finding that, although the petitioner's ten months in custody without receiving a revocation hearing violated 28 C.F.R. § 2.101(e) and "was likely unreasonable under *Morrissey*, . . . [his] claim was rendered moot by his acceptance of the expedited revocation proposal"); *Caldwell v. U.S. Parole Comm'n*, No. 03cv.9116, 2005 WL 1153726, at *3 (S.D.N.Y. Apr. 13, 2005) (Magistrate Report and Recommendation to dismiss habeas petition in part because "the petitioner waived his right to a revocation hearing [by accepting the USPC's expedited revocation proposal and] his prior request for one no longer presents a live controversy"); *see also McDowell v. Bearor*, No. 07-CV-500, 2009 WL 2871169, at *8 n.13 (N.D.N.Y. Sept. 2, 2009) (finding that plaintiff's "involvement in and subsequent felony conviction for an inmate assault rendered the final [parole] revocation hearing moot when the subsequent felony conviction afforded an uncontestable basis for revocation").

### III. CONCLUSION

A District of Columbia prisoner is entitled to *habeas corpus* relief under 28 U.S.C. § 2241 if he establishes that his "custody is in violation of the Constitution or laws or treaties of

the United States." 28 U.S.C. § 2241 (c)(3). Petitioner does not establish that the USPC violated his due process rights, and his acceptance of the expedited revocation proposal rendered moot his claim arising from the USPC's delay in conducting his supervision revocation hearing. The habeas petition will be denied, and this action will be dismissed. An Order accompanies this Memorandum Opinion.

                                  HENRY H. KENNEDY, JR.
                                  United States District Judge

DATE: November 13, 2010